UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**KENNETH DAVIDSON**                                                                       **PETITIONER**

**V.**                                                                            **NO. 3:05CV-P-00055-C**

**JAMES L. MORGAN**                                                                         **RESPONDENT**

### MEMORANDUM OPINION AND ORDER

Kenneth Davidson has filed a motion for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In response, the Commonwealth has filed an answer and a motion to dismiss the petition (*see* docket nos. 12 and 13). After reviewing the pleadings of the parties and the complete state court record, which has finally been obtained through repeated efforts frustrating to both the respondent and the court, the court has determined that Mr. Davidson's petition should be denied, although not for the reasons requested by the respondent.

I.

Mr. Davidson currently is incarcerated, serving a twenty-year sentence for facilitating murder, in violation of Kentucky Revised Statute ("Ky. Rev. Stat.") 506.080. His sentence was enhanced to twenty years, which is beyond the customary range, because the trial court found that he met the requirements for being classified as a persistent felony offender in the first degree, pursuant to Ky. Rev. Stat. 532.080. Mr. Davidson asserts in his petition before this court that the sentencing court unconstitutionally enhanced his sentence by mis-applying the

persistent felony offender statute, and that his counsel was ineffective for failing to explain to him the "ramifications" of that statute.

The respondent asserts that Mr. Davidson has not exhausted his state court remedies with respect to the ineffective-assistance-of-counsel claim, because he raised it in a motion filed pursuant to Ky. Crim. R. 11.42, and that motion has yet to be substantively ruled upon by any Kentucky court. Respondent asserts that because the petition is a "mixed" one containing an exhausted and unexhausted claim, it should be dismissed pending a final state court adjudication of the ineffective-assistance-of-counsel claim. Alternatively, the respondent asserts that he is entitled to summary judgment on the improper-sentence-enhancement claim, because that claim pertains solely to an error in state law, and a state court's interpretations of state law are binding on federal courts in the context of a habeas action, pursuant to *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

The respondent is incorrect that Mr. Davidson's petition is a "mixed" one. To understand why it is not a mixed petition, and why Mr. Davidson's request for a writ must nevertheless be denied, requires an analysis of the somewhat complicated procedural history of this case, which is summarized in table form, below.

| PLEADING | CLAIMS PRESENTED OR EVALUATED | STATE OR FEDERAL RECORD #S |
|---|---|---|
| Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 | 1. Counsel was ineffective because he failed to explain the ramifications of the persistent felony offender statute to Mr. Davidson.<br><br>2. The sentencing court improperly enhanced Mr. Davidson's sentence using the persistent felony offender statute. | Federal docket no. 1 |
| Direct Appeal | 1. The trial judge improperly admitted motive evidence.<br><br>2. The trial judge incorrectly overruled Mr. Davidson's motion for a mistrial following an in-court identification. | Apx. to federal docket no. 12/13 |
| Ky. Crim. R. 11.42 motion<br><br>April 3, 2001 | 1. *Apprendi v. New Jersey*, 530 U.S. 466 (2000), requires that Mr. Davidson's sentence and conviction be vacated because *Apprendi* precludes Kentucky courts from shifting the Commonwealth's burden of proving an absence of extreme emotional disturbance to the defendant to prove the existence of an extreme emotional disturbance.<br><br>2. The alleged "judicial re-write" with respect to which party has the burden of proof regarding extreme emotional disturbance resulted in incorrect jury instructions and, therefore, violated Section 2 of the Kentucky Constitution, and Mr. Davidson's rights to due process and a fair trial. | State court record, pages 713-735 |

| PLEADING | CLAIMS PRESENTED OR EVALUATED | STATE OR FEDERAL RECORD #S |
|---|---|---|
| | 3. The Commonwealth improperly presented character evidence in violation of Ky. R. Evid. 404, and counsel was ineffective for failing to object. | |
| | 4. The trial court improperly (in violation of Ky. R. Evid. 601) allowed one of the prosecution's witnesses to testify without first determining whether he was competent to do so. | |
| | 5. The jury instructions were improper, and counsel was ineffective for failing to object – <br><br> a. Commonwealth should have been required to prove an absence of an extreme emotional disturbance; <br><br> b. There should have been an instruction pertaining to the voluntary intoxication defense; <br><br> c. The instructions should have included one for second degree manslaughter; <br><br> d. There should have been an instruction that Mr. Davidson was acting to protect a third party, his son. | |
| | 6. Counsel was ineffective (citing *Strickland v. Washington*, 466 U.S. 668 (1984)) because he: <br><br> a. Failed to insist on appropriate jury instructions (as described above); <br><br> b. Failed to properly prepare a defense; | |

-4-

| PLEADING | CLAIMS PRESENTED OR EVALUATED | STATE OR FEDERAL RECORD #S |
|---|---|---|
| | c. Allowed Mr. Davidson to sit before a tainted jury;<br><br>d. Allowed jury to hear evidence of past wrongs;<br><br>e. Allowed jury to hear character evidence regarding Mr. Davidson.<br><br>7. The cumulative effect of these errors deprived Mr. Davidson of a fair trial, due process, and "fundamental fairness" under the Sixth and Fourteenth Amendments of the United States Constitution and Sections 2, 7, and 11 of the Kentucky Constitution. | |
| Trial Court Order<br><br>July 5, 2001 | 1. Declines to address the merits of the issues presented in Mr. Davidson's 11.42 motion.<br><br>2. Appoints counsel to represent Mr. Davidson in formulating his arguments. | State court record, page 763 |
| Entry of Appearance<br><br>Aug. 24, 2001 | Counsel from the Department of Public Advocacy enters an appearance on Mr. Davidson's behalf.<br><br>The record does not indicate that any supplement to, or revised version of, Mr. Davidson's 11.42 motion was ever filed, and no response to the original was filed by the Commonwealth.<br><br>A few months later, Mr. Davison, proceeding *pro se*, files a motion pursuant to Rule 60.02 (*see* below). | State court record, page 766 |

| PLEADING | CLAIMS PRESENTED OR EVALUATED | STATE OR FEDERAL RECORD #S |
|---|---|---|
| Ky. Cr. R. 60.02 motion<br><br>Dec. 10, 2002 | 1. The sentencing judge improperly enhanced Mr. Davidson's sentence pursuant to the persistent felony offender statute.<br><br>2. Counsel was ineffective (citing *Strickland*) for failing to object to the persistent felony offender enhancement. | State court record, pages 800-802 |
| Trial Court's Order regarding the 60.02 motion<br><br>March 11, 2003 | 1. The persistent felony offender enhancement was proper (analysis based entirely on state statutory and case law).<br><br>2. The ineffective assistance of counsel argument (*i.e.*, that counsel was ineffective for failing to object to the persistent felony offender enhancement) cannot be raised in a 60.02 motion because it could have been raised in the earlier 11.42 motion along with the other ineffective assistance of counsel claims. | State court record, pages 853-856 |

| **PLEADING** | **CLAIMS PRESENTED OR EVALUATED** | **STATE OR FEDERAL RECORD #S** |
|---|---|---|
| Mr. Davidson's brief on appeal from the trial court's adverse ruling on his 60.02 motion | 1. The persistent felony offender enhancement was improper.<br><br>2. The improper sentence enhancement claim was properly raised in a 60.02 motion.<br><br>3. Counsel was ineffective because he failed to properly analyze the law pertaining to persistent felony offender enhancements, and because he failed to properly explain that law to Mr. Davidson, who would have challenged his persistent felony offender status at his sentencing hearing, had he understood the law. | Apx. to federal docket no. 12/13 |
| Court of Appeals Opinion<br><br>Sept. 3, 2004 | 1. Court evaluates only the issue of the enhancement and, based entirely on an analysis of state statutory and case law, affirms the ruling of the trial court.<br><br>2. Does not address the apparently still pending 11.42 motion, or discuss Mr. Davidson's ineffective assistance of counsel claim presented in Mr. Davidson's 60.02 motion. | Apx. to federal docket no. 12/13 |
| Discretionary Review Denied<br><br>Jan. 12, 2005 | | Apx. to federal docket no. 12/13 |

The second of the two claims presented in Mr. Davidson's habeas petition (that the trial court improperly enhanced his sentence) has clearly made its way

through one complete round of the appellate process in state court. That specific claim was raised for the first time in Mr. Davidson's post-conviction motion pursuant to Ky. Crim. R. 60.02 and was fully analyzed by the trial court. It was further evaluated on appeal by the Kentucky Court of Appeals. *See Whobrey v. Commonwealth*, 2004 WL 1948323 (Ky. App. 2004). Mr. Davidson petitioned the Kentucky Supreme Court for discretionary review of that opinion, and his request was denied. *See id.* Putting aside for the moment the issue of whether this claim presents an issue of federal constitutional law appropriate for habeas review, it cannot be said that Mr. Davidson has failed to fully present the claim to the courts of the Commonwealth. The claim is therefore appropriately deemed "exhausted."

By contrast, the first claim presented in Mr. Davidson's habeas petition (that he was denied effective assistance of counsel) unquestionably presents an issue of federal constitutional law, but is not so easily reconciled from a procedural standpoint. In his federal habeas petition, Mr. Davidson presents a rather narrow claim regarding his counsel's ineffectiveness. He asserts that his attorney was ineffective because he failed to properly explain to him the ramifications of Kentucky's persistent felony offender statute.

Mr. Davidson did not make any allegations of ineffective assistance of counsel on direct appeal. That general allegation was first presented in his first post-conviction motion pursuant to Ky. Crim. R. 11.42, and it arguably is still pending, because the motion has yet to be substantively reviewed by any court in the Commonwealth. Contrary to respondent's assertion, however, the unresolved

nature of that motion is irrelevant, because the ineffective-assistance-of-counsel claim presented to this court on habeas review is wholly distinct from any of the ineffective-assistance-of-counsel claims presented in Mr. Davidson's 11.42 motion.

As noted in the table above, Mr. Davidson made several allegations regarding the ineffectiveness of his counsel in his 11.42 motion, but none are identical, or even substantially similar, to the claim presented to this court. He made no mention of his counsel's failure to explain or object to the persistent felony offender statute used to enhance his sentence. Rather, he asserted that his counsel was ineffective for: (a) failing to insist on appropriate jury instructions regarding extreme emotional disturbance; (b) failing to object to the introduction of character evidence; (c) failing to properly prepare a defense; (d) allowing Mr. Davidson to sit before a tainted jury; (e) allowing the jury to hear evidence of his prior bad acts; and (f) allowing the jury to hear certain character evidence.

In his subsequent motion pursuant to Ky. Crim. R. 60.02, Mr. Davidson asserted for the first time that his counsel was ineffective for reasons pertaining to the persistent felony offender statute. That claim (that his counsel was ineffective for failing to object to the use of the persistent felony offender statute) was slightly different, however, from the claim presented to this court (that counsel was ineffective for failing to fully explain the enhancement to his client, who allegedly would have challenged it). A review of the record reveals that the first presentation to the state courts of the specific claim at issue in Mr. Davidson's habeas petition did not occur until Mr. Davidson included it in his brief on appeal from the trial

court's opinion and order that denied his 60.02 motion, and dismissed Mr. Davidson's ineffective-assistance-of-counsel claim because it could have been raised in his 11.42 motion.

In that appeal from the trial court's adverse ruling, Mr. Davidson reformulated the argument initially presented in his 60.02 motion and asserted that his counsel was ineffective not simply for failing to object to the persistent felony offender enhancement, but also for failing to properly explain the law to Mr. Davidson, who would have challenged the enhancement if he had fully understood the relevant law. Regardless, the Kentucky Court of Appeals did not address the original or modified ineffectiveness of counsel argument at all in its opinion, instead focusing entirely on whether the enhancement itself was proper under Kentucky law. The Kentucky Supreme Court then simply denied Mr. Davidson's petition for discretionary review. Thus, it appears that Mr. Davidson attempted to present his Sixth Amendment claim to the courts of appeal available to him in Kentucky, but they chose not to address its putative merits.

## II.

The relevant habeas corpus statute, 28 U.S.C. § 2254, states in pertinent part that a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court shall not be granted unless the petitioner can show that the state court's adjudication of his claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a

decision that was based on an unreasonable application of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). In addition a federal court may not grant habeas corpus relief unless the petitioner presents an issue of federal constitutional law and has exhausted all available state court remedies with respect to that issue, or has demonstrated their inadequacies. 28 U.S.C. § 2254(a),(b); *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002). To these questions, the court will now turn.

**A. Does Mr. Davidson's Claim that the Trial Court Improperly Applied a Sentence Enhancement Merit Habeas Relief?**

Mr. Davidson's claim that his sentence was improperly enhanced by a mis-application of Ky. Rev. Stat. 532.080 must be dismissed because he has failed to present a question of federal constitutional law. Title 28, United States Code, Section 2254 provides:

> (a) [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States … .

In his habeas petition, Mr. Davidson asserts that the sentencing court improperly enhanced his sentence. Although Mr. Davidson refers to this as an "unconstitutional enhancement," he asserts no specific constitutional violation, only that the trial court misinterpreted the state statute and relevant Kentucky case law and, therefore, mis-applied the statute in light of his criminal record.

Mr. Davidson refers to certain federal case law in support of his argument, but it does not establish a constitutional violation. The federal cases he cites are

-11-

included as support for his argument that the trial court's actions did not comport with the proper interpretation of the federal sentencing guidelines. Whether the Jefferson Circuit Court properly followed the federal sentencing guidelines when it enhanced the length of Mr. Davidson's sentence pursuant to a Kentucky statute does not present a federal constitutional claim. The comparison is irrelevant, and a habeas claim that does not raise a federal constitutional issue is legally insufficient to warrant relief, and should be dismissed. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Mr. Davidson's first claim should also be dismissed because a state prisoner who seeks habeas relief must fully and fairly present his claim, as a matter of federal law, to the state courts, and he did not. *Picard v. Connor*, 404 U.S. 270, 275 (1971). A fair presentation as a matter of federal law requires more than the mere assertion of phrases such as "fair trial" or "due process." Rather, a petitioner must present his claims as federal constitutional claims, not only to the federal court, but to the state courts first. A petitioner can satisfy this requirement in several ways, either by specifically asserting an alleged constitutional violation, by referring to federal law that decides a similar claim on federal grounds, or by referring to state decisions that employ constitutional analysis in similar fact patterns. *See, e.g., Baldwin v. Reese,* 541 U.S. 27, 32-33 (2004); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993).

Mr. Davidson has never fully and fairly presented his first claim – that the state court improperly enhanced his sentence because it deemed him a persistent felony

offender – to the courts of the Commonwealth as a federal constitutional claim. As noted above, the claim was not raised on direct appeal, but was first raised in his post-conviction motion pursuant to Ky. Crim. R. 60.02. In that motion, Mr. Davidson asserted only that the trial court mis-applied the state persistent felony offender statute in light of the facts pertaining to his prior felony convictions. He made no reference to any alleged violation of federal rights, nor did he cite to any federal or state law, that applied federal constitutional analysis to a similar fact pattern.

The closest he came to presenting his claim as a federal constitutional issue was in his reply to the Commonwealth's response to his 60.02 motion. In that pleading, Mr. Davidson commented in passing that "his 6th and 14th Constitutional Amendment rights had been violated," but he did not elaborate further. Given that his second claim for relief in the 60.02 motion alleged that he was denied effective assistance of counsel, it is unclear from the context of his statement whether he was alleging that his rights under the Sixth Amendment, which is made applicable to the states by the Fourteenth Amendment, had been violated, or that his right to effective assistance of counsel (as guaranteed by the Sixth Amendment) *and* some separate right guaranteed by the Fourteenth Amendment (presumably due process) were violated.

The trial court's opinion did not evaluate any putative federal claims. Its order was limited to an evaluation of the use of the persistent felony offender

enhancement, and only considered relevant state law when reviewing the facts of Mr. Davidson's case. That being said, full and fair presentation of a federal claim does not require a state court adjudication on the merits. *See, e.g., Clinkscale v. Carter*, 375 F.3d 430, 438 (6th Cir. 2005)(citing *Smith v. Digmon*, 434 U.S. 332, 333 (1978)). What is significant here, though, is that, in Mr. Davidson's appeal from the trial court's denial of his 60.02 motion, he failed to renew the assertions made for the first time in his reply to his original motion. In addition, he made no mention of any alleged violation of federal rights with respect to the enhancement itself, either explicitly, or implicitly by use of federal or state law analyzing the statute at issue in terms of federal constitutional law. Thus, he apparently abandoned any federal claim he may have attempted to make before the trial court, and returned to focusing his arguments solely on alleged violations of state law. In so doing, he failed to fully and fairly present his sentence-enhancement claim, as a matter of federal law, to the state courts, and it should be dismissed on that basis as well. 28 U.S.C. § 2254(b)(1); *Gray v. Netherland*, 518 U.S. 152, 161 (1996).

**B. Is Mr. Davidson's Claim that he was Denied Effective Assistance of Counsel Procedurally Barred?**

Unlike Mr. Davidson's claim that his sentence was unconstitutionally enhanced, he has properly presented his ineffective-assistance-of-counsel claim as an issue of federal constitutional law. The question for this court is whether he fully and fairly presented to the state courts the specific ineffective-assistance-of-counsel claim included in his habeas petition.

-14-

As noted above, Mr. Davidson did not present any arguments regarding the effectiveness of his counsel on direct appeal. He did, however, allege in a post-conviction motion pursuant to Ky. Cr. R. 11.42 that his counsel fell below a constitutionally acceptable standard for a variety of reasons. None of those reasons pertained to any lack of objections to, or failure to fully explain, Mr. Davidson's sentence enhancement. Indeed, it was not until his second collateral attack, by means of another state procedural rule, Ky. Cr. R. 60.02, that he asserted that his counsel was ineffective for reasons pertaining to the sentence enhancement.

In his 60.02 motion, however, the specific claim Mr. Davidson presented was different than the claim made before this court. In that motion, he asserted that his counsel was ineffective for failing to object to the enhancement. On appeal from the trial court's adverse ruling, Mr. Davidson revised his argument and asserted that his counsel was ineffective for failing to fully explain to Mr. Davidson the ramifications of the statute that authorized the enhancement. The latter argument is the one presented in his habeas petition.

There is no evidence in the record supplied by the Commonwealth that it ever objected to Mr. Davidson's modification of his ineffective-assistance-of-counsel argument on appeal. Accordingly, one could reasonably determine that Mr. Davidson fully and fairly presented the ineffective-assistance-of-counsel claim asserted in his habeas petition to the courts of the Commonwealth. This court

-15-

need not undertake that analysis, however, because Mr. Davidson procedurally defaulted his claim when he failed to include it in his 11.42 motion.

Under the procedural default doctrine, "[a] federal court is generally barred from considering an issue of federal law arising from the judgment of a state court if the state judgment 'rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the [state] court's decision.'" *Frazier v. Huffman*, 343 F.3d 780, 790 (6th Cir. 2003) (citations omitted); *see also Coleman v. Thompson,* 501 U.S. 722, 729-30 (1991).

Federal courts must apply a four-part test in determining whether a habeas claim has been procedurally defaulted:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.... Second, the court must decide whether the state courts actually enforced the state procedural sanction.... Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.... Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate ... that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Clinkscale v. Carter,* 375 F.3d 430, 440-41 (6th Cir. 2004)(citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986)). For purposes of procedural default, the state judgment of interest is the last-explained state court judgment. *Munson v. Kapture*,

384 F.3d 310, 314 (6th Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)). In this matter, the last-explained state court judgment is the trial court's denial of Mr. Davidson's 60.02 motion.

As the Jefferson Circuit Court noted when ruling on Mr. Davidson's 60.02 motion, a state procedural rule applies to Mr. Davidson's claim. Kentucky Rule of Criminal Procedure 11.42 permits motions to vacate, correct or set aside sentences, but requires the movant to "state all grounds for holding the sentence invalid of which the movant has knowledge." Ky. Crim. R. 11.42(3). Mr. Davidson failed to comply with that rule, as a review of his pleadings indicates. He did not include, among the list of his counsel's many alleged errors, any reference to the allegedly improper application of the persistent felony offender statute.

With respect to the second prong of the test, the trial court enforced the procedural sanction. It denied the ineffective-assistance-of-counsel claim in Mr. Davidson's 60.02 motion because he could have and should have presented that claim in his prior 11.42 motion.

As to whether the procedural bar is an "adequate and independent" state ground for dismissing Mr. Davidson's federal claim, the United States Court of Appeals for the Sixth Circuit has recognized that it is. *See Wesselman v. Seabold*, 834 F.2d 99, 101 (6th Cir. 1987) ("Kentucky's interests in finality of judgments, judicial economy, and permitting defendants just 'one bite of the apple' are both

obvious and substantial.") (citing *Gross v. Commonwealth*, 648 S.W.2d 853 (Ky. 1983)).

The court must now evaluate whether Mr. Davidson has demonstrated that there existed good cause for him not to include all of his ineffective-assistance-of-counsel claims in his 11.42 motion, and that he was actually prejudiced by the alleged constitutional error. *See, e.g., Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Assuming for the sake of argument that Mr. Davidson's trial counsel was indeed ineffective for failing to object to, or to properly explain to his client, the use of the persistent felony offender statute to enhance Mr. Davidson's sentence, then it fairly could be said that he was prejudiced by the alleged error. His sentence was, in fact, enhanced. His claims must nevertheless be dismissed, however, because he has made no attempt to establish any acceptable cause for his failure to comply with the state's procedural requirements. He noted several errors in his counsel's performance in his 11.42 motion. Mr. Davidson makes no attempt to explain his actions, either on appeal from the trial court's order or to this court. Consequently, the court concludes that Mr. Davidson has procedurally defaulted his ineffective-assistance-of-counsel claim and that it must be dismissed.

### III.

In light of the foregoing discussion, the court will deny Mr. Davidson's request for a writ of habeas corpus and deny the respondent's motion to dismiss as moot. Mr. Davidson alleges only two claims in his petition. The first claim – that he was

denied effective assistance of counsel – was procedurally defaulted when he failed to include it among the claims presented in his first post-conviction collateral attack on his sentence in state court, and he has provided no reason that this court should not enforce the procedural bar. The second claim – that his sentence was improperly enhanced – is not presented as a violation of federal law, and thus is inappropriate for federal habeas relief.

## VI.

The court must now determine whether a certificate of appealability should issue. The court may issue a certificate of appealability only if Mr. Davidson "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, Mr. Davidson must demonstrate that reasonable jurists would find the district court's assessment of his claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not find debatable or wrong the correctness of the assessments made in this memorandum opinion. Consequently, the court will not issue a certificate of appealability.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Mr. Davidson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED,** the respondent's motion to dismiss is **DENIED AS MOOT**, and this matter is **DISMISSED WITH PREJUDICE.**

The court is persuaded that Mr. Davidson has not made a substantial showing of the denial of a constitutional right, and that reasonable jurists would not

find the court's assessment of his claims debatable or wrong. Consequently, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This is a final and appealable order.

Signed on  March 24, 2006

**Jennifer B. Coffman, Judge**
**United States District Court**